(115 App. Div. 234)

## ALTMAN v. McMILLIN.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. VENDOR AND PURCHASER—CONTRACTS—RESCISSION BY PURCHASER—DEFECT IN TITLE.

A purchaser in a contract stipulating that the deed shall be a full covenant warranty deed and convey the absolute fee free of all incumbrances is warranted in declining to complete the contract on it appearing that the premises are subject to a covenant preventing the erection of apartment houses thereon; the covenant being an incumbrance.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 258.]

2. SPECIFIC PERFORMANCE—RELIEF—DAMAGES.

A vendor contracted to execute a deed conveying the premises free of all incumbrances. He had, with others, entered into an agreement stipulating that no apartment houses should be erected on the premises; and adjacent premises abutting on a street. *Held*, in a suit by the vendor to compel the purchaser to perform, that the court could not declare the restrictive agreement void, the parties thereto not being made parties to the suit.

3. CONTRACTS—INSTRUMENT UNDER SEAL—RECITALS—CONCLUSIVENESS.

Where an instrument under seal contains a recital of the fact on the truth of which the validity of the instrument depends, the recital, on the contract created by the instrument becoming executed, is conclusive, in the absence of a reformation of the instrument on the ground of mistake.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 741; vol. 19, Cent. Dig. Estoppel, § 26.]

4. ESTOPPEL—ACQUIESCENCE.

A vendor and other persons owning land abutting on a street entered into an agreement providing that no apartment houses should be erected on the land, and stipulated that the agreement should not be binding on the parties until all the parties had executed the same. It appeared that one of the parties to the contract was not the owner of any premises abutting on the street. For about 15 years the agreement had been performed, and the vendor who had signed it had reaped the benefit thereof. *Held*, that the vendor was equitably estopped from asserting any invalidity of the agreement as against the other parties thereto.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Estoppel, §§ 260, 262.]

5. SPECIFIC PERFORMANCE—CONTRACT FOR CONVEYANCE OF LAND—DEFECTS IN TITLE.

A vendor contracted to convey premises free of all incumbrances. Before the execution of the contract, he, with other persons owning land abutting on a street, had entered into an agreement under seal, stipulating that no apartment houses should be erected on such land. The agreement had been observed for 15 years. One of the persons who had signed the agreement was not the owner of any land on the street. The agreement recited that its signers were the owners of the property covered by it. *Held*, that the title was not so free from reasonable doubt that specific performance of the contract on the part of the purchaser should be required, but he could refuse to complete the contract because of the restrictive agreement.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, § 269.]

Submission of controversy on an agreed statement of facts, pursuant to Code Civ. Proc. §§ 1279–1281, between Benjamin Altman and James A. McMillin. Judgment rendered for defendant.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Choate, Hanford & Larocque (William B. Coles, of counsel), for plaintiff.

P. S. Dean, for defendant.

CLARKE, J. The plaintiff is the owner of a piece of property at the northeast corner of West End avenue and Ninety-Ninth street in the city of New York, extending 100 feet 11 inches toward the middle of the block, and 102 feet deep. On July 14, 1905, he entered into a written contract with the defendant for the sale of said property; the defendant to pay $1,000 on the signing of the contract and the date for closing was therein fixed for August 1, 1905. The said contract contained the following clause:

"The deed shall be a full covenant warranty deed in proper form and shall be duly executed and acknowledged by the seller at the seller's expense to convey to the purchaser or the purchaser's assigns the absolute fee of the above premises free of all incumbrances."

The defendant purchaser declined to take upon the ground that the said real property was subject to the covenants and restrictions contained in an agreement bearing date the 21st day of November, 1890, recorded in the register's office in the county of New York on the 2d day of June, 1901; that the covenants and restrictions contained in said agreement created a cloud upon the title of said real property, preventing and prohibiting the erection thereon of flat and apartment houses, the class of improvement intended to be erected thereon by the defendant, and that plaintiff could not convey said real property free and clear of all incumbrances as provided in the contract of sale. The agreement alluded to, dated November 21, 1890, was under seal, was signed by the plaintiff by his attorney, and was recorded. The material parts thereof are as follows:

"This indenture made this twenty-first day of November, one thousand eight hundred and ninety, between Edward Kilpatrick, Alfred E. Beach, Eliza Jacobs, as executrixes of Aaron Jacobs, deceased, Jean F. Chaveau, Charles Rauhofer, Samuel W. Bowne, and Benjamin Altman, all of the city of New York, witnesseth: Whereas, the said parties of are the owners respectively of lands fronting on West End avenue, and running back one hundred feet therefrom between Ninety-Seventh and One Hundredth streets in the city of New York and described as follows: * * * As the said land and the ownership of the respective parties is shown upon the diagram thereof set forth herein and forming part hereof, and whereas the said parties have agreed in order to promote and secure the better improvements of the said lands and their permanent value to make the restrictions upon buildings herein contained. Now, therefore, this indenture witnesseth that the said parties and each of them in consideration of the premises and of the covenants herein contained and of one dollar to each of the said parties duly paid by each of the said parties do hereby covenant and agree each of them for himself, his heirs, executors, and assigns with each of the other of said parties, his heirs, executors, and assigns, severally and respectively as follows: First, that the first building erected on said land within twenty years after the date hereof shall be private dwellings of brick or stone not less than three stories in height, planned and adapted for the residence of private families or buildings for churches. Secondly, that in the meaning and for the purposes of this agreement the buildings commonly known as tenements, flat or apartment houses"

are not such private dwellings. Fourthly, that this covenant shall run with the land, and be binding upon the heirs, executors, administrators and assigns of the said parties, and all the persons deriving title from them respectively. This contract shall not be binding upon said parties or any of them until all said parties have executed the same."

Attached to the said agreement was a diagram, which showed the names of each of the parties set forth in the agreement as owners, and who signed the same, attached to specific parcels of land; the name of Benjamin Altman, the plaintiff herein, being attached to the parcel on the northeast corner of Ninety-Ninth street and West End avenue. Said agreement so executed and recorded has been in existence some 15 years, and by its terms has 5 years yet to run. Its restrictive provisions have been observed. No buildings have been put upon the property included therein except private dwelling houses, and such dwelling houses have been put on all of the property except the premises owned by the plaintiff and a portion of the premises owned by the estate of Jacobs on the west side of West End avenue between Ninety-Seventh and Ninety-Eighth streets which are still vacant and unimproved. No releases have been executed of the said covenant, and said agreement appears upon the record to be a valid and binding agreement, restricting said premises as therein provided. If such be the fact, if it be a valid and binding agreement, undoubtedly it is a restrictive covenant, and hence an incumbrance, and the defendant was warranted in declining to complete a contract which provided that the plaintiff should convey the land to him with full warranty deed free from all incumbrances. In fact, the precise structure, he intended to erect, when he engaged to purchase the property, is specifically prohibited by the provisions of the covenant.

The plaintiff contends that said agreement is not a cloud upon his title because it is void and ineffectual; and, in this proceeding, he asks for a judgment that said agreement be declared null and void and of no effect. It appears that at the time of the execution of the agreement Samuel W. Bowne, one of the signers thereof, was not the owner of record of the piece of land to which his name was attached on the diagram annexed to the agreement. That although he had bought and paid for the property, he had conveyed it to his wife, who, at the time of execution of the agreement in question, was the owner of record, and that she had not signed the agreement, nor authorized her husband to sign it for her, and knew nothing about it. It is claimed that these facts are established by the judgment of this court in the case of Kurtz v. Potter, 44 App. Div. 262, 60 N. Y. Supp. 764, affirmed 167 N. Y. 586, 60 N. E. 1114. In that case, the plaintiff brought an action to enjoin the defendants from continuing the use of the premises No. 804 West End avenue for any purposes other than that of private families or buildings for churches according to the terms and conditions of the agreement hereinbefore set forth. The property in possession of the defendant in that case was a portion of the plot stated in the diagram to be the property of Samuel W. Bowne, who executed the agreement sought to be enforced, and the decision of the court was that the property belonged to Nettie R. Bowne, his wife, and that she

was not bound by the agreement. Therefore, the decision in that case only went so far as to say that the agreement not having been made by the owner of the particular piece of property there in question, that the person taking title to that property was not bound to assume that the agreement was intended to or did bind the property of those who were not parties to it. Said the court:

"The recording of the agreement gave no notice to the purchaser of the property that the interest or title of one not a party to the agreement was bound by its provisions."

It should be noted, perhaps, that there was another ground upon which the decision of the court was put, and that was that there was no evidence to show that the covenants contained in the agreement had been violated; that the sole effect thereof was that the first building erected on said land within 20 years should be a private dwelling, and that that covenant had not been violated; that the use of the building after its erection was not covered by the agreement. The plaintiff's contention is that, inasmuch as the agreement provided that it should not be binding upon said parties, or any of·them, until all said parties had executed the same, and inasmuch as it has been judicially determined that Samuel W. Bowne, although mentioned as one of the parties who did execute it, was not the owner of the property; that therefore the agreement, although of record for 15 years, and observed by all the parties thereto, and by himself, yet never took effect. It may be assumed that all the parties to the agreement supposed at the time of the execution thereof that Samuel W. Bowne, was the owner of the property, and it is of course evident·that the intention of the agreement was to secure mutual protection, and the preservation of this neighborhood for 20 years for strictly residential purposes. That purpose has been accomplished up to the present time and so far as each of the signers of the agreement is concerned it is an executed contract.

The decision in Kurtz v. Potter, supra, was not based upon the proposition that the contract, as between the parties who were owners and did sign, was invalid; no such question having been raised apparently at any stage of the litigation, and I fail to see how any such decision, if made, would have been binding and conclusive upon any of the signers not made parties to the case. So, it is quite clear in this case that, so much of the relief asked for by the plaintiff as demands that the restrictive agreement be declared null and void, and of no effect cannot be granted, as all the parties thereto are not made parties to this controversy.

This agreement, which is under seal, is made between certain enumerated parties, and, in its recital, states that they are the owners of certain specified property. In further sections of the agreement the parties thereto are referred to as parties, and it concludes with the clause:

"This contract shall not be binding upon said parties or any of them until all said parties have executed the same."

All the said parties did execute the same and all said parties have observed the same, and I think when we come to interpret an executed

contract under seal, that it is a very serious question whether any party thereto can question the recital of facts as inducement therefor. I understand the purpose of a recital is to estop the parties to a deed from questioning its truth, and that the rule of law applicable is that, where the instrument under seal contains a recital of a fact upon the truth of which the validity of a contract is dependent, in the absence of the reformation of the contract on the ground of mistake, such recital is conclusive upon the parties. Further, it seems to me that the doctrine of equitable estoppel may be invoked as between the parties to this agreement. The plaintiff who signed it has reaped the benefit of the signatures of the other parties thereto who have kept their agreement and retained this neighborhood for residential purposes as contemplated and provided for. Again, the contract expressly states that each of the parties thereto covenants and agrees each for himself with each of the other of said parties, severally and respectively, and it is not at all clear that one of the parties who signed can be relieved of the obligations thereunder to others who signed and who have performed, by reason of the fact that years afterwards it was discovered that there was a mistake as to the actual ownership of one of the parties thereto.

Whatever the decision upon the facts might be, in an action brought upon the covenant to obtain an injunction, or in a direct proceeding, where all the signers were parties, for a reformation, or for the purpose of setting it aside—and to such an action the statute of limitations appears to be a bar—it seems to me that, under the familiar rule that where by the contract of sale the vendor has covenanted to give a full warranty deed, conveying the property free and clear from all incumbrances, the vendee will not be forced to take, and may recover back, the earnest money paid, when it appears that the title is not reasonably free from any doubt which would interfere with its market value. Here is a sealed instrument of record which, if valid, creates an incumbrance upon the property, which recites that its signers are all owners of the property covered by it, which is as between the parties thereto, and each of them, a several agreement respectively, which has been observed for 15 years, and which the plaintiff himself signed, and from the restrictions in which he presumably has received advantages. There is nothing upon the record which suggests the defect in the original agreement here claimed. In my opinion, it cannot be said, in the absence of the other parties to said agreement, that this title is so free from reasonable doubt that specific performance of this contract should be required by the court.

Under the stipulation, therefore, judgment should be rendered for the defendant, relieving him from any obligation to complete the purchase under the contract of sale, and that the plaintiff be directed to repay him the moneys paid on said contract with costs. All concur.