(117 App. Div. 472)

LEVIN v. HILL et al.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—TITLE AND ESTATE OF VENDOR—INCUMBRANCES.

A contract for the sale of land stipulated that the premises should be free from all incumbrances except existing covenants as to nuisances "which do not, however, prevent the erection of stores." The deed to the vendor, which was then on record, contained a covenant against nuisances in the ordinary form, to which was added a further covenant that neither the grantee nor his grantees should erect any building less than two stories in height or without a cellar, or any building costing less than $2,500. *Held*, that the vendee was justified in rejecting the title.

Appeal from Special Term, New York County.

Action by Harry Levin against Frank M. Hill and others. Appeal by defendants Frank M. Hill and another from a judgment in favor of plaintiff. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, HOUGHTON, and LAMBERT, JJ.

Hillquit & Hillquit, for appellant Hill.
Gibson Putzel, for appellant Rose.
Michael Schapp, for respondent.

HOUGHTON, J. The appellant Rose contracted to sell certain real estate to appellant Hill, who assigned the contract to defendant Monfried, who in turn assigned it to respondent, plaintiff, who brings this action to recover back the moneys paid, on the ground that the premises are subject to a restrictive covenant not provided for in the contract.

The contract of sale stipulated that the premises should be free from all incumbrances "except existing covenants as to nuisances, if any, which do not, however, prevent the erection of stores or tenements." In the deed to Rose which was recorded on the 7th day of May, 1900, four years and more before the contract in controversy was made, there was a covenant running until January 1, 1910, against nuisances, in the ordinary form, to which, however, was added the further covenant that neither the grantee nor his grantees should "erect or permit to be erected upon said premises any building less than two stories in height, or any building without a cellar; * * * that

neither he nor they will erect or permit to be erected upon any part of said premises within 60 feet of West Farms Road, on which said lots front, any building costing less than twenty-five hundred dollars." Title was rejected on the ground that the contract did not provide that the premises should be taken subject to the covenant above quoted, because it could not be classed as a covenant against nuisances; and that, even if the whole covenant could be read as one against nuisances, still it was contrary to the agreement, because it prevented the erection of a store or tenement of one story in height, and prescribed that the cost should not be less than $2,500, and that there should be a cellar underneath the building.

It seems plain that the covenant is more than one against nuisances only. But, even if the covenant be construed as an entire one against nuisances, it did prevent the erection of stores and tenements, because it prevented the erection of a store or tenement one story in height, and it prevented the erection of a building without a cellar, and it restricted the cost to not less than $2,500. The contract provided that the premises should be free and clear, except as to existing covenants as to nuisances, if any there might be, which did not, however, prevent the erection of stores or tenements.

The owner contracted to give a clear title, except as specified. The title which he tendered was not clear, but was burdened with a covenant which prevented the free use of the property for stores or tenements. This was contrary to the agreement, and the respondent was justified in rejecting the title, unless the fact of the deed containing the objectionable covenant being on record precludes him from so doing. I do not think it does. The contract of sale did not specify a covenant in any particular deed. It speaks generally of covenants against nuisances, if any there are. The owner took the responsibility of contracting absolutely for a clear title, except that, if there were any covenants against nuisances, they should not operate against the building of stores or tenements. If the contract had provided that the premises were to be taken subject to a covenant against nuisances in a specified deed, then the purchaser at his peril must have examined the deed. Such was the situation in Feltenstein v. Ernst, 49 Misc. Rep. 262, 97 N. Y. Supp. 376, affirmed 113 App. Div. 903, 98 N. Y. Supp. 1101, and in Blanck v. Sadlier, 153 N. Y. 551, 47 N. E. 920, 40 L. R. A. 666. In each of those cases the premises were to be taken subject to a specified mortgage, and it was held that, the mortgages being recorded, it was incumbent upon the vendee, in the absence of fraud or deceit, to acquaint himself with the particular terms of the specified incumbrance. In the present case no particular covenant in any specified deed is mentioned, but it is simply provided in general terms that, if there be any covenant, it shall be of a specified kind. The owner knew what the covenant was, and carelessly contracted as to its terms. The vendee had no actual knowledge, and it does not seem to me that he had constructive notice, or that he was put upon his inquiry.

I think the judgment was right, and should be affirmed.

Judgment affirmed, with costs.

McLAUGHLIN, SCOTT, and LAMBERT, JJ., concur. PATTERSON, P. J., concurs, on the ground that the covenant is more than one against nuisances, and therefore the purchaser should not be compelled to take.