(58 Misc. Rep. 467.)

### ECKEL v. SPITZER.

(Supreme Court, Special Term, New York County. March, 1908.)

1. VENDOR AND PURCHASER—SALE—DEFECTS IN TITLE.

Where plaintiff sued to compel specific performance of a contract for the conveyance of land free from all incumbrances, a covenant against nuisances and restrictions as to building, not released, constituted a valid objection to the vendor's title and a defense to the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 250-254, 258.]

2. SAME—FAILURE OF CONSIDERATION.

Where a vendee agreed to assume the commission to be paid the brokers who made the sale, on the vendor's failure to perform, the consideration for vendee's agreement fails.

Action by Philip Eckel against Sophia Spitzer. Judgment for defendant.

J. G. Ritter, for plaintiff.
Paskus & Cohen, for defendant.

McCALL, J. On the 19th of July, 1906, the parties to this litigation entered into a contract for the sale and purchase of certain real estate. By the terms of the written instrument, the property was to be conveyed free and clear of all incumbrances except certain recited character of mortgages, and the title was to close on the 31st day of August, 1906. In a clause therein it was recited that the "seller agrees that F. R. W. & Co. are entitled to commissions in the sum of four hundred dollars, the payment of which is assumed by the purchaser." Upon the signing of the contract a payment of $1,500 was made, and the receipt of same was acknowledged. On the day fixed for closing the parties met, and the defendant herein (the vendee of the contract) refused to complete, asserting several defects in title that rendered same unmarketable with the result that this suit was precipitated, which calls for specific performance.

No technical questions of any character are presented, and of all the objections raised at time fixed for closing all are waived at time of trial, with the exception, first, that the covenant against nuisances and restrictions as to building contained in an instrument recorded in the register's office in Liber 1078 of Conveyances, at page 412, was still outstanding and not released, affected and constituted an objection to title not specified in the contract of sale; and, secondly, there exists a party wall agreement recorded in the register's office in Liber 99 of Conveyances, § 4, p. 407, not referred or taken subject to by the terms of said contract. For the first objection raised and pressed on this trial this defendant must be released from his purchase. This is an action which seeks to compel this defendant to buy, an altogether different proposition from that which would be presented in an endeavor to have equity interpose when it was sought to restrain a violation or enforce an observance of the terms of these covenants or restrictions when owing to unquestioned failure to observe same or due to change of the character of the neighborhood. Courts would refuse to grant its relief when to do so would for such reasons make it oppressive or unreasonable. In case at bar to direct specific performance might subject the defendant to action for damages, and certainly such a condition was not contemplated by the contract; and it cannot be said that such an outcome is so remote or improbable as a contingency to warrant in the exercise of a sound discretion the issuance of the decree asked herein. As to the question of the $400 commission to be paid the brokers, and which the purchaser assumed to pay, that assumption was based upon a compliance by the vendor with the terms of the contract and his transfer of the title to the premises, and, the contract falling through this decision, the obligation imposed by the

assumption falls with it in so far as the vendee is concerned. I cannot see that any further allowance for fees than that contracted with the title company would be justifiable, and beyond that amount no further allowance will be granted. Judgment for defendant accordingly.

Judgment accordingly.