MARY D. CHARBONIER, *Appellant*, v. JOSEPH ARBONA, *Appellee*.

1. Equity will enforce the specific performance of a contract for the sale of land when the price was a fair one when the contract was made and no advantage was taken of the defendant.

2.  As against a general denial in an answer the burden is upon
    the complainant to prove, by at least a preponderance of sus-
    taining proofs, tax liens upon the property, the existence and
    validity whereof depend upon matters of public record.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*E. C. Maxwell,* for Appellant;

*Blount & Blount & Carter,* for Appellee.

COCKRELL, J.—This is an appeal from a decree award-
ing specific performance of a contract for sale of real
estate in the City of Pensacola.

On March 2, 1910, Miss Charbonier for a cash consider-
ation of one hundred dollars gave Arbona a six months
option on the property at a valuation of five thousand
dollars, and before the expiration of the time limit the
entire purchase price was tendered. The owner admits
the execution of the contract, but seeks to defend upon
the ground that she was inexperienced in business affairs
and that the price was grossly inadequate.

From the evidence, however, we think the Circuit Court
was warranted in finding that the contract was in all
respects a fair one when made, and it is not a case where
advantage was taken of inexperience. The property had
been for years used as a barroom and from its location
might not have been rented so profitably for other uses;
at least such is the consensus of opinion of the real estate
experts who testified. The contract was made pending
the prohibition campaign and over the protest of the

would be purchaser the owner cut down the option so that it would expire before the approaching election was to be held.

While the real estate agents differ as to the valuation of the property in March 1910, there is ample evidence to warrant a finding that five thousand dollars was a fair price then, though a year later it was worth considerably more.

We think the evidence shows the contract fair and equitable and one to be enforced by specific performance.

The bill charged specifically that there were legal charges against the property for pavement and city taxes and these were allowed against the purchase price. In this there was error. The answer did not admit these charges and contained the general denial, thereby casting the burden of proving these items upon the complainant, at least by a preponderance of sustaining proof. Stackpole v. Hancock, 40 Fla. 362, 24 South. Rep. 914, 45 L. R. A. 814.

The complainant admits here that there is no evidence to prove these items but submits that they are facts necessarily within the defendant's knowledge. The existence and validity of these liens are, however, matters of public record and do not come within the exception recognized in some jurisdictions.

We accept the appellee's suggestion that we correct the error here, and eliminating from the decree the credits, totaling $381.35, and adding that sum to the decree, the decree will be affirmed; one-half the costs of this appeal to be taxed against the appellee.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.