MARY DOLORES CHARBONIER, *Plaintiff in Error,* v. JOSEPH ARBONA, *Defendant in Error.*

Opinion Filed November 6, 1914.

Where a contract for the sale of land clearly contemplated "a warranty deed conveying a good clear title" to the property, "at any time during the life" of the option given, the warranty is not broken by a failure of the vendor to pay off a lien imposed by law upon the property for street improvements after the price was agreed on, though the title was not passed till afterwards.

Writ of error to Court of Record for Escambia County; E. D. Beggs, Judge.

Judgment reversed.

*E. C. Maxwell,* for Plaintiff in Error;

*Blount & Blount & Carter,* for Defendant in Error.

WHITFIELD, J.—The plaintiff in error made the following contract for the sale of land:

"State of Florida,
County of Escambia.

Received of Mr. Jos. Arbona the sum of One Hundred Dollars ($100.00) the receipt of which is hereby acknowledged, for which I grant him an option to purchase my property situated on the Northwest corner of Terrago and Intendencia Streets, upon which is my building (Two Story Brick), now occupied by him. Said option to hold good for a period of six (6) months from date hereof, and I hereby promise and agree to convey the said property to him at any time during the life of this said option upon the further payment to me in cash of Forty-nine Hundred ($4900.00) Dollars, guaranteeing to give him a warranty deed conveying a good clear record title to said property.

Witness my hand and seal this 2nd day of March, A. D. 1910.

(Signed) 'Miss M. D. Charbonier. (Seal)

Signed, sealed and delivered in the presence of:
Emil E. Pheiffer,
S. J. Isaacs."

Miss Charbonier resisted the enforcement of the contract on the ground of the inadequacy of the purchase price and her inexperience in business. But specific performance was decreed to be enforced. Charbonier v. Arbona, 63 Fla. 384, 57 South. Rep. 887. The decree for specific performance was treated as a conveyance under the contract to sell and convey. Subsequently Arbona brought an action against the vendor to recover as for a breach of warranty of title, certain paving expenses imposed as a lien upon the property between the making of the contract of sale and the actual passing of title under the decree of specific performance. There was judgment for the vendee and the vendor took writ of error.

The contract clearly contemplated "a warranty deed conveying a good clear record title to said property," "at any time during the life of this said option," meaning during the time within which the contract of sale was to be consummated by a conveyance for a stated price, which had no reference to later improvements enforced by law. The claim here asserted is for an improvement to the property put upon it by operation of law after the price was agreed on, and does not come within the intent of the contract, as shown by its terms, and is not included within the warranty of title. Equity courts take this view. See Gotthelf v. Stranahan, 138 N. Y. 345, 34 N. E. Rep. 286, 20 L. R. A. 455. Law courts may enforce the intent of a contract as shown by its terms and the circumstances under which it was made.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.