ANNIE E. SHIELDS, BY HER NEXT FRIEND AND HUSBAND, *Appellant,* v. HELEN ENSIGN, *Appellee.*

Opinion Filed December 22, 1914.

Though a contract for the sale of a married woman's separate property may not be specially enforceable by reason of informalities, the vendee may not breach the contract and charge the property in equity for a partial payment thereon, in the absence of a showing that the married woman was unwilling or unable to complete the contract to convey.

Appeal from Circuit Court for Orange County; James W. Perkins, Judge.

Decree affirmed.

*V. S. Starbuck,* for Appellant;

*Massey & Warlow,* for Appellee.

COCKRELL, J.—This is a bill to charge certain real estate, the separate property of a married woman, in the sum of one thousand dollars alleged to be due upon an agreement made by her in writing for the benefit of her separate estate. The agreement is as follows:

"Proposition of Mrs. A. E. Shields to Mrs. Helen Ensign on 42 acres of grove and land.

Farming implements for grove work, all chickens and turkeys, all fruit now in grove and any other growing

crops, rowboat and all household furniture, except keep-sakes, rug, books, bric-a-brac and bed and table linens.

One thousand cash, balance of nineteen thousand within thirty days from date upon delivery of abstract of title and general warranty deed.

.   Accepted.          (Signed)    Helen Ensign.

Exhibit A.          (Signed)    Mrs. A. E. Shields."

The theory of the bill is that as the writing was not signed by the husband of Mrs. Ensign, nor acknowledged by her and properly witnessed, it was not binding on her, and that as it could not therefore be specifically enforced as against Mrs. Ensign, there was no consideration for the thousand dollars paid, and that it became immaterial that Mrs. Ensign was willing and able, despite the informality of the agreement, to carry it out to the letter and convey a perfect title to the property upon the payment of the balance of the purchase money, as stipulated.

While the bill alleges facts to show that by certain misrepresentations the property was priced too high, yet Mrs. Shields admits that she has not made a showing sufficiently strong to entitle her to a rescision of the contract on that theory. The real theory of her bill is that the agreement, though in writing and signed by Mrs. Ensign, was absolutely void, a *nudum pactum*, utterly without consideration, and therefore subject to be ignored by either party to it.

There are reputable authorities holding that where money is paid upon an option, made void by statute by reason of a failure to comply in formalities with the statutory requirement, that the one who has so paid his money, may recover it back as for money had and received, even though the receiver may be willing to perform. We have not such a case before us.

Our Constitution, Art. XI, Sec. 2, declares: "A mar-

ried woman's separate real or personal property may be charged in equity and sold   *   *   *   for money or thing due upon any agreement made by her in writing for the benefit of her separate property;" while Gen. Stats., paragraph 2594, reads: "Coverture shall not prevent a decree against husband and wife to specifically perform their written agreement to sell or convey the separate property of the wife, or to relinquish her right of dower in the property of the husband, but no agreement for the sale or conveyance of her real property or for relinquishment of dower, shall be specifically enforced unless it be executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower."

It will be readily observed that the statute does not make the written agreements of a married woman, otherwise executed, absolutely void and non-chargeable upon her estate, but merely that they shall not be specifically enforced, a much higher equity than the mere charging for a breach of contract.

The agreement in writing being then not absolutely void by statute, but only not to be specifically enforced, we will examine the complainant's bill in the light of the Constitution.

Is it equitable to charge Mrs. Ensign's separate estate with this thousand dollar advance payment made upon the faith of the written agreement? It might well be that had the consideration been reversed and the unprotected married woman been seduced into making an improvident contract, that a court of equity would not grant its relief to one who had overreached her, but will she be penalized because, despite her coverture, she has proved the better bargainer? If a *feme sole* had executed the option, she would not be held liable for the thousand dollars, unless she breached the contract, and we can see no rea-

son why coverture should render her liable. How can it be that a court of equity will reward a breach of an agreement, as a benefit to the separate estate, when its performance would admittedly, largely increase the value of that estate?

It seems to us that the bill is without equity, and was properly dismissed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.