On March 21, 1918, Norma L. Sullivan (joined by her husband) and one W. A. Rice, as owners and developers of the "Rice Sullivan Subdivision of the City of Miami, Florida," entered into an agreement under seal by which the said parties agreed that in selling and conveying their respective property in said subdivision "every conveyance shall be made subject to the following *Page 713 
provisions which may be inserted in each deed or embraced by reference as the case may require, to-wit:
"The foregoing conveyance is made subject to the following restrictions and limitations, which are intended to be and shall be taken as convenants to run with the land, viz:
1. The said premises shall not be used for any illegal or immoral purposes.
2. No residence shall be erected on any lot embraced in this conveyance unless the same shall in good faith cost at least Six Thousand Dollars, which cost shall be incurred in the construction of said building and not for fees in connection therewith.
3. No hedge, fence or wall more than five feet in height nor any other structure of any sort shall be erected nearer than 25 feet from Rice Boulevard, except on Lot 6 of Block 2, where the dwelling shall be at least 10 feet from Rice Boulevard.
4. No structure of any sort west of the un-named boulevard running north and south, and having a width of 100 feet shall be nearer than 25 feet from the west line of said Boulevard.
5. No structure east of the Boulevard last named, shall be nearer than 50 feet from the east line of said Boulevard.
6. No garage or other outhouse shall be erected on any corner lot in said subdivision, except within five feet of the inside corner of such lot and at least 30 feet from the street.
7. Except as provided in these restrictions, no building upon the land herein conveyed shall be maintained or used for any purpose except as a private residence, and nor more than one building for residence purposes shall be built on any lot described and designated on the original plat of the Rice Sullivan Subdivision.
8. The said property shall not at any time be owned or occupied by any person not of the Caucasian race. *Page 714 
9. No live stock shall be kept on said property.
10. One garage or other out-building, but no more, may be erected in connection with each residence.
11. No garage or outbuilding shall be used for habitation or residence except for family servants, and then only after the completion of the residence.
12. The Water front and riparian rights appurtenant to Bay Front lots shall be used only for private docks or landing places, and no fish house or objectionable building or obstruction shall be placed thereon.
Violations in whole or in part of the above limitations and restrictions by any owner of any of said property, shall cause the said property to immediately revert to the vendor, his heirs or assigns, and shall entitle the said vendor, his heirs or assigns, to immediately enter upon said property and take possession of the same with full title, in fee simple, together with all improvements thereon."
Whether the language above quoted, when inserted in the contemplated deeds, would constitute a condition, as distinguished from a convenant running with the land, it is unnecessary for us to now decide.
On January 4, 1922, the said Norma L. Sullivan, then a married woman, through her agent P. H. Arthur, agreed to sell to Max Zapf Lot 2 of Block "A" of said Rice Sullivan Subdivision. Zapf paid $1000 on account of the purchase price, and subsequently assigned his agreement to the complainant Wm. H. Wheeler. Norma L. Sullivan received said money and ratified and approved the agreement with Zapf and the assignment thereof to Wheeler. Subsequently, the vendor Norma L. Sullivan tendered her deed to the property to Wheeler, but the latter declined to accept it because the abstract of title previously delivered to him by the vendor in accordance with the contract of sale disclosed the existance of the agreement of March 21, 1918, between the said Norma L. Sullivan and W. A. Rice *Page 715 
requiring the inclusion of the convenants above quoted in all deeds conveying property in said subdivision, which convenants Wheeler contended would constitute an incumbrance upon the property by reason whereof the deed from Norma L. Sullivan to him, containing such convenants would not convey such a title as the vendee was entitled to receive under his contract of sale, said agreement remaining in full force and effect.
The vendor being a married woman, Wheeler, as complainant below, brought his bill of complaint against her, alleging the facts above stated and praying that the vendor be decreed to repay said sum of $1000 to complainant, or upon her failure to do so that said sum be decreed to be a lien upon the separate statutory property of Norma L. Sullivan.
The agreement between Norma L. Sullivan and Max Zapf for the conveyance of the property in question was apparently not executed or acknowledged by Mrs. Sullivan in accordance with statutory requirements. Sec. 3953, Rev. Gen. Statutes 1920. Although such a contract made by a married woman may not be specifically enforced against her by reason of such defective execution, such fact does not render the contract wholly void. Upon a sufficient showing, in appropriate proceedings instituted for that purpose, that the femme covert vendor declines to perform the contract it may be decreed that she return the money paid to her upon such contract, and failing therein that it become a lien upon her separate property. Shields v. Ensign, 68 Fla. 522, 67 South. Rep. 140; Vance v. Jacksonville Realty Co., 69 Fla. 33, 67 South. Rep. 636.
The principal question presented here is whether the covenants above mentioned constitute an incumbrance of such nature as to justify the vendee in declining to accept the title, there being no provision in the contract of sale whereby *Page 716 
it was agreed that the conveyance should be made subject to such covenants.
The agreement sued upon says nothing with reference to the character of title to be conveyed, but this court has held that in every valid contract for the sale of lands, whatever may be the language in which it is couched, there is an implied undertaking to convey a good title, unless such an obligation is expressly excluded by the terms of the agreement. Holland v. Holmes, 14 Fla. 390. See also 39 Cyc. 1442.
It is well settled that, in the absence of a provision to the contrary in the contract of sale, a purchaser under an executory contract can not be compelled to complete his purchase or accept the title if there is an incumbrance on the property which the vendor can not or will not remove and which the purchaser can not himself remove by an application of the purchase money. Frazier v. Boggs, 37 Fla. 307,20 South. Rep. 245; Shouse v. Doane, 39 Fla. 95, 21 South. Rep. 807; Maupin on Marketable Title to Real Estate (2nd ed.) page 705, 775, and cases cited. Note 38 L. R. A. (N.S.) 30 et seq.; 39 Cyc. 1484.
When a vendor of real property expressly or by implication agrees to convey a good title or marketable title, that undertaking is discharged only by the conveyance of a title unincumbered and free from reasonable doubt as to any question of law or fact necessary to sustain its validity.
The contract here sued upon is executory. That being the case, the settled rule is that unless excepted by such contract of sale, or the restrictive covenants be properly released, or the objection duly waived by the vendee, covenants imposed by the vendor or a predecessor in title, restricting the use which may be made of the premises, are such incumbrances as entitle the purchaser to refuse to perform, unless such covenants require no more than the law would compel the vendee to do, or refrain from doing, as *Page 717 
the case may be, independently of contract. Neff v. Rubin, 154 N.W. Rep. 976; Whelan v. Rosseter, 82 P. 1082; Altman v. McMillan, 100 N.Y. Supp. 970; Levin v. Hill,102 N.Y. Supp. 690, affirmed 86 N.E. Rep. 1127; Kountze v. Helmouth, 22 N.Y. Supp. 204, affirmed on other grounds, 35 N.E. Rep. 656; Coues v. Hallahan, 209 Pa. St. 224, 58 Atl. Rep. 158; Krah v. Wassmer, 75 N.J. Eq. 1098; 71 A. 404, affirmed (Krah v. Radcliffe) 81 Atl. Rep. 1133; Goodrich v. Pratt,100 N.Y. Supp. 187; Eckel v. Spitzer, 111 N.Y. Supp. 459; Batley v. Forederer, 29 A. 868, Van Schaick v. Lesse, 66 N.Y. Supp. 64; Leinhardt v. Kalchheim, 79 N.Y. Supp. 500; McDougall v. Schneider,118 N Y Supp. 861; Wetmore v. Bruce, 118 N.Y. 319; Cato v. Thomson (Eng.) L. R. 9, Q. B. D. 616. Note 38 L. R. A. (N.S.) 34; 39 Cyc. 1449; Maupin on Marketable Title to Real Estate, 777, Dart Vend. Purch. (5th Ed.) 119.
Reasonable restrictions of the character referred to when imposed by public authority through a valid exercise of the powers of government are not usually regarded as an incumbrance within the meaning of the rule above stated. Lincoln Trust Co. v. Williams Building Corp., 169 N.Y. Supp. 1045;183 App. Div. (N.Y.) 225; 229 N.Y. 313; 128 N.E. Rep. 209. See also Carbonier v. Arbona, 68 Fla. 194, 67 South. Rep. 41.
Under the rule above announced, the allegations of the bill of complaint were sufficient as against the demurrer interposed. It was therefore error to sustain the demurrer.
Reversed.
WHITFIELD, ELLIS, TERRELL AND BROWN, J. J., concur. *Page 718