MARY ETHEL TANNER, *et al.*, v. OVERSTREET INV. CO.
154 So. 204.
Division A.
Opinion Filed April 4, 1934.

*G. Wayne Gray,* for Appellants;

*Massey, Warlow, Carpenter & Fishback,* for Appellee.

TERRELL, J.—By agreement dated September 17, 1925, appellants agreed to sell and appellee agreed to purchase certain lands in Orlando, Florida, more specifically therein described, the said lands being the separate property of Appellant, Mary Ethel Tanner. The appellee paid appellant $1,000.00 in cash when the agreement to sell was executed, and the balance of $20,500.00 was agreed to be paid in annual installments at 8 per cent. interest. The agreement provided that the vendors deliver abstract showing good and marketable title within thirty days. It was also provided that if said abstract showed title to be unmarketable and the infirmities therein could not be cured by amicable agreement of the parties thereto, then the vendor should have the right to return the cash payment and the agreement be null and void.

The abstract showed defects in the title, which were not promptly cured. In December, 1925, the vendors instituted a suit in equity to quiet the title, but in March, 1926, the vendee notified the vendor that it would wait no longer and demanded return of the cash payment. This demand was refused, and in July, 1926, the vendee filed its bill of complaint in the instant suit, praying that an accounting be ordered to ascertain the amount of principal and interest, including a reasonable attorney's fee that was due the vendee, the agreement to sell be decreed null and void, and that the lands described in the said agreement be decreed to be subjected and sold to satisfy the amount decreed to be due the vendee, including costs and expenses. A demurrer to the bill was overruled, answer was filed and a motion to strike the second, third and seventh paragraphs thereof, was granted. This appeal brings both decrees here for review.

We are first confronted with the question of whether or

not the agreement to sell her separate property, joined in by her husband but not acknowledged with the formality of a deed, is such an agreement or contract as was contemplated by Section 2 of Article XI of the Constitution, in that the said property described therein may now be charged in equity and sold as prayed for in the bill of complaint.

Section 2 of Article XI is as follows:

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof, or the money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

In fine, Section 2 provides that a married woman's separate property may be charged in equity and sold for the following purposes: (1) The purchase money thereof, (2) for money or thing due on any agreement made by her in writing for the benefit of her separate property, (3) for the price of any property purchased by her, (4) for labor and material used with her knowledge or assent in the construction of buildings, repairs or improvements on her property, and (5) for agricultural or other labor bestowed thereon with her knowledge and consent. Reduced to its final analysis, a married woman's separate property can be charged in equity and sold only for the purchase price of it, the price of any property purchased by her or for money, labor or materials applied thereon, with her knowledge and consent, for the benefit of her separate property.

This Court is committed to the doctrine that although a

contract made by a married woman may not be specifically enforced against her by reason of the fact that such contract was not executed or acknowledged by her in accordance with statutory requirements, such fact does not make the contract void, but upon a sufficient showing in proper proceedings instituted for that purpose the money paid to such married woman upon such contract may be required to be returned or decreed to be a lien upon her property. Kermans, *et al.*, v. Strobhar, 106 Fla. 148, 143 So. 138; Schmidt v. Kibben, 100 Fla. 1684, 130 So. 194; Wheeler v. Sullivan, 90 Fla. 711, 106 So. 876; Vance v. Jacksonville Realty & Mortgage Co., 69 Fla. 33, 67 So. 636.

We are also committed to the doctrine that a purchaser from a married woman cannot breach the contract and subject her separate property in equity for the return of a partial payment thereon in the absence of a showing that the married woman was unwilling or unable to complete the contract to convey. Shields v. Ensign, 68 Fla. 522, 67 So. 140; Kermans, *et al.*, v. Strobhar, 106 Fla. 148, 143 So. 138.

Under the contract brought in question appellant bound herself to furnish marketable title and in the event abstract showed the title to be affected with infirmities that could not be cured by amicable agreement of the parties then the vendor should have the right to return the cash payment when the agreement would be void. In other words, the contract clearly contemplates an amicable adjustment of the title question if possible. But the vendee ignored this provision and demanded its cash payment back without any attempt at an amicable adjustment of differences as to title, or without any showing whatever that the vendor was unwilling or unable to complete the contract to convey.

For these reasons the judgment below must be and is hereby reversed.

Reversed.

Davis, C. J., and Ellis, J., concur.

Whitfield, P. J., and Buford, J., concur in the opinion and judgment.