MARTIN V. B. VANNESS, *Plaintiff in Error,* v. THE ROYAL PHOSPHATE COMPANY, A CORPORATION UNDER THE LAWS OF MISSOURI, *Defendant in Error.*

The legal existence of a railroad right of way, and of the roadbed and track upon real estate at the time it is conveyed by a deed in which the grantors bind "themselves and their heirs, executors and administrators to warrant and forever defend the title to said premises, unto the said party of the second part, its

heirs, successors and assigns against the said parties of the first part and their heirs, executors and administrators, and against all persons whomsoever lawfully or equitably claiming or to claim the same," does not give the grantee in the deed a right of action for damages against the grantor, because of the existence of the said right of way, roadbed and track.

This case was decided by Division B.

Writ of error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton* and *H. L. Anderson,* for Plaintiff in Error.

*W. W. Hampton,* for Defendant in Error.

HOCKER, J.—On the 27th day of February, A. D., 1900, the plaintiff in error joined by his wife, executed a deed to the plaintiff in error, in which he granted, bargained, sold and conveyed to the defendant in error 145 acres of land more or less lying in Citrus county, Florida, together with the tenements, hereditaments and appurtenances thereunto belonging. In this deed the plaintiff in error and his wife, the parties of the first part, "do hereby bind themselves and their heirs, executors and administrators to warrant and forever defend the title to said premises unto the said party of the second part its heirs, successors and assigns against the said parties of the first part and their heirs, executors and administrators, and against all persons whomsoever lawfully or equitably claiming, or to claim the same." There was no other covenant in the deed.

On the 26th of May, 1891, the plaintiff in error and his wife executed and delivered a deed to the Silver Springs Ocala & Gulf Railroad Company conveying for a right of

way over the above mentioned land for said railroad 100 feet wide on which the said road at once constructed, built and operated its said railroad, and has done so ever since, and is now in possession of said right of way. Because of the existence of this right of way as an alleged breach of the warranties of its deed from plaintiff in error the defendant in error brought a suit at law for damages in the circuit court of Citrus county against the plaintiff in error and recovered upon the trial a large judgment which the plaintiff in error has brought here for review. There is a perfect mass of pleas, motions to strike, demurrers, &c in the record, but out of this labyrinth there emerges the question whether on the facts stated the defendant in error was entitled to recover damages from the plaintiff in error under the alleged warranties in the deed, because when the deed was executed to the defendant in error there existed upon the land the easement of a railroad right of way under the deed from the plaintiff in error herein referred to.   The deed from the plaintiff in error to defendant in error does not follow the language of the form of a warranty deed prescribed in section 2449 General Statutes of 1906. The language of the warranty thereby given the effect of the *"full* common law covenants" by section 2450 Id. is as follows: "And the said party of the first part does hereby *fully* warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever." In the deed the plaintiff in error does not follow the language of the statute and *"fully* warrant and defend the title," but simply binds himself and his heirs, &c "to warrant and defend the title." Statutes such as this one are always strictly construed because they are in derogation of the common law, and "consequently in order to constitute the statutory covenants the words of the statute must be strictly followed.  The use of less words than all of the words imply-

ing the covenants is insufficient." 11 Cyc. pp. 1047, 1048, and cases cited in notes 32 and 33 p. 1048. If there be any authority to the contrary it has not been discovered. We do not think, therefore, that the statute affords any light upon the proper construction of this deed. The covenant in the deed under which the defendant in error claims can only be regarded as one of general warranty independent of the statute. But whether the covenant in this case is to be regarded as one of general warranty and equivalent to the covenant for quiet enjoyment (11 Cyc. 1072-6), or whether it be regarded as embracing under the statute full covenants of seizin, of right to convey, against encumbrances, for quiet enjoyment and for further assurance (11 Cyc. 1063, 1064), we do not think the plaintiff below was entitled to recover. It seems to us, although there is a conflict in the decisions on the question, that a sound view of the law and a proper application of the principles of justice will deny to the defendant in error a right of action in the instant case. 11 Cyc., 1067.

It is held in many respectable jurisdictions that the existence of a public highway, or a railroad right of way, in no wise interfering with the technical seizin of the grantee in the deed, and which was a visible notorious easement when the deed was executed is not a breach of the covenant against encumbrances, or of the general warranty. For it being open and visible the purchaser must be presumed to have seen it and to have fixed his price with reference to the actual condition of the land at the time of purchase. 11 Cyc., 1067. Why should the technical rules of conveyancing be converted into a trap to catch an unwary grantor, unskilled in them, when it is perfectly obvious that he never intended to bind himself to do that which he could not do, viz., remove a railroad right of way and track from the land he is selling, the existence of which was perfectly obvious to the purchaser? The alle-

gation in the declaration that the purpose of buying the land was to utilize the phosphate on it affords no founda- tion for a suit for damages. No such purpose is mentioned in the deed. If the purposes of a grantee in buying prop- erty not expressed in the deed are to be grounds of such suits then a grantor who sells a lot with an old building on it which does not suit the purposes of the grantee when it was conveyed to him, may sue the grantee for a breach of his warranty because of the existence of the old build- ing. If there happens to be a mound of earth on the prop- erty conveyed thrown up in a previous mining for min- erals which covers minerals underneath it, this also might afford a basis for a suit for breach of the covenant of war- ranty. For undoubtedly it will interfere to some extent with the purposes of the grantees if he bought the land for the minerals on it. To require such a technical exactness and nicety of knowledge on the part of grantors of real estate of the various kinds of possible encumbrances for which they may lay themselves liable to suits for damages, about which the courts themselves are divided in opinion, is carrying technical nicety further than we are willing to go. A sane grantor will not intentionally make a convey- ance of land which will authorize the grantee to immedi- ately sue him for damages, and an honest grantee cannot be presumed to intentionally exact such a conveyance for such a purpose.

In the case of Desvergers v. Willis, 56 Ga., 515, S. C. 21 Am. Rep., 289, it was held that "a covenant against en- cumbrances in a deed of land is not broken by the exis- tence of a public road over the land known to the pur- chasers at the time of the purchase." In the opinion de- livered by Chief Justice WARNER, it is said: "A general warranty of title to land against the claims of all persons includes in itself covenant of a right to sell and of quiet enjoyment and of freedom from encumbrances (Code

2603). The question made by the record in this case is whether a public road on the land which fact was known to the purchaser at the time of his purchase is in this State a breach of a covenant of warranty against encumbrances? The decisions of the courts of this country are not uniform upon this question, but the weight of authority we think is that the existence of a public road on the land, known to the purchaser, is not such an encumbrance as would constitute a breach of the covenant of warranty. This view of the question is sustained by the better reason, especially as applicable to the condition of the people of this State. To hold that a public road running through a tract of land, which was known to the purchaser at the time of the purchase thereof, is such an encumbrance on the land as would constitute a breach of a covenant of warranty against encumbrances would produce a crop of litigation in this State that would be almost interminable."

In Moore v. Johnson, 87 Ala., 220, 6 South. Rep., 50, in an opinion by Justice SOMERVILLE the existence of a public easement as a street, or right of way which does not affect the technical seizin of the purchaser is not a breach of the covenant of seizin.

In the case of Brown v. Young, 69 Iowa, 625, 29 N. W. Rep., 941, it is held that "a right of way for a railroad is only an easement though it be conveyed by a deed, and the existence of such easement is not a breach of the covenant as to title, in a warranty deed, subsequently made conveying the land.

In the case of Whitbeck v. Cook, 15 Johnson (N. Y.) 483, it is held "it is not a breach of the covenants that the grantor was lawful owner of the land, was well seized, and had full power to convey, that part of the land was a public highway and was used as such—a public highway being a mere easement, and the seizin and right to convey,

still continuing in the owner of the land over which it was laid out." Justice SPENCER in delivering the opinion of the court says: "It must strike the mind with surprise, that a person who purchases a farm, through which a public road runs at the time of purchase, and had so run long before, who must be presumed to have known of the existence of the road and who chooses to have it included in his purchase, shall turn round on his grantor and complain that the general covenants in the deed have been broken, by the existence of what he saw when he purchased, and what must have enhanced the value of the farm. It is hazarding little to say that such an attempt is unjust and inequitable and contrary to the universal understanding of both vendors and purchasers. If it could succeed a flood-gate of litigation would be opened and for many years to come this kind of action would abound."

In the case of Wilson v. Cochran, 46 Pa. St., 229, it was among other things held that "a purchaser who sees a public road that has been used thirty years upon the land he is buying has no right to consider it an encumbrance within the meaning of a covenant against encumbrances. If it is not a positive benefit to the premises he is presumed to have estimated its disadvantages in adjusting the price he has agreed to pay."

In the case of Kutz v. McCune, 22 Wis., 628, 99 Am. Dec. 85, it is held that the existence of an easement obviously and notoriously affecting physical condition of land at the time of its sale such as a right of flowing the land by a mill pond in actual existence upon it, does not constitute a breach of a general covenant against encumbrances." The opinion in this case is strong and well reasoned.

In the case of Smith v. Hughes, 50 Wis., 620, 7 N. W. Rep., 653, it is held that "where there are railways, or other highways, in use as such, on land at the time of its sale the purchaser is presumed to have taken with knowl-

edge of them and they constitute no breach of the usual covenants in his deed."

In the case of Memmert v. McKeen, 112 Pa. St. 315, 4 Atl., 542, Mr. Justice PAXSON, in delivering the opinion of the court says: "Incumbrances are of two kinds, *viz.*, 1. Such as affect the title; and 2. Those which affect only the physical condition of the property. A mortgage or other lien is a fair illustration of the former; a public road, or a right of way of the latter. Where incumbrances of the former class exist, the covenant referred to (against incumbrances) under all the authorities is broken the instant it is made, and it is of no importance that the grantee had notice of them when he took the title: Cathcart v. Bowman, 5 Pa. St. 317; Funk v. Voneida, 11 S. & R. 109. Such incumbrances are usually of a temporary character and capable of removal; the very object of the covenant is to protect the vendee against them; hence knowledge actual or constructive, of their existence, is no answer to an action for breach of such covenant. Where, however, there is servitude imposed upon the land which is visible to the eye, and which affects not title, but the physical condition of the property, a different rule prevails. Thus it was held in Patterson v. Arthurs, 9 Watts 152, that where the owner had covenanted to convey certain lots free from all incumbrance a public road which occupied a portion of such lots was not an incumbrance within the meaning of the covenant. This is not because of any right acquired by the public, but by reason of the fact that the road, although admittedly an incumbrance and possibly an injury to the property, was there when the purchaser bought and he is presumed to have had knowledge of it. In such and similar cases there is the further presumption that if the incumbrance is really an injury, such injury was in the contemplation of the parties and that the price was regulated accordingly. It was said

by Justice KENNEDY in the case cited 'Although a public highway no doubt is, in many instances, an injury instead of a benefit to the holder or owner of the land upon which it is located and therefore tends to lessen its value in the estimation of a purchaser, yet it is fair to presume that every purchaser before he closes his contract for his purchase of land has seen it and made himself acquainted with its locality and the state and condition of it, and consequently if there be a public road or highway open or in use upon it, he must be taken to have seen it, and to have fixed in his own mind the price that he was willing to give for the land with reference to the road, either making the price less or more, as he conceived the road to be injurious or advantageous to the occupation and enjoyment of the land.''

In the case of Janes v. Jenkins, 34 Md., 1, text 10, the question was whether a servitude which had been created upon land by the owner, made him liable to an action for breach of the covenants in a subsequent deed by the grantee in the latter deed, the court says: "Then, as to the second question, whether the existence of this servitude or burthen upon the property sold to the appellant, and the enjoyment thereof by the owner of the eastern lot constitute a breach of the covenant of special warranty? (The warranty was to the effect that the grantor shall forever warrant and defend the property against the claims of grantor and all persons). This depends upon the apparent and ostensible condition of the property at the time of sale. And as the wall had been erected, and the lights therein were plainly to be seen when the appellant purchased the property overlooked by them it is but natural to conclude that he contracted with reference to that condition of the property and that the price was regulated accordingly. The parties, in the absence of anything to the contrary are presumed to have contracted with reference

to the then state and condition of the property; and if an easement to which it is subject be open and visible, and of a continuous character, the purchaser is supposed to have been willing to take the property, as it was at the time subject to such a burthen. That being so the covenants in the deed must likewise be construed with reference to the condition of the property at the time of the conveyance. The grantor by his covenant, warranted the premises as they were and by no means intended to warrant against an existing easement which was open and visible to the appellant, and over which the former had no power or control whatever. To construe the covenant to embrace such subject would most likely defeat the understanding and intention of the parties; certainly of the grantor."

In the case of Pomeroy, ex'r v. Chicago & Milwaukee Railroad Company, 25 Wis., 641, Justice PAYNE, on page 643, says: "Where there is a sale of a tract of land upon which there is an obvious existing easement or burden of any kind like an ordinary highway, a railroad or mill-pond, the fair presumption, in the absence of any express provision in the contract upon the subject is that both parties act with direct reference to the apparent existing burden, and that the vendor demands, and the purchaser pays only the value of the land subject to it."

In an order made by the Circuit Judge it appears that both parties relied in the court below, upon the decision of this court in the case of Silver Springs, O & G. R. Co. v. Van Ness, 45 Fla., 559, 34 South. Rep., 884. That case certainly determines that the deed which is before us only conveyed an easement to the railroad company, and that the technical right to the phosphate underneath the railroad was still in the grantor. That is the true condition now. Should the railroad track be removed or abandoned the right of the defendant in error to the phosphate would be unrestricted.

There is nothing in the declaration in the instant case which squints at the notion that it is brought to recover of VanNess the money which he recovered from the railroad company in the suit to which reference has been made. There is not the slightest indication in the deed to the defendant in error from VanNess that he was covenanting to pay over to the defendant in error any such moneys. Without such an allegation in the declaration, and such an agreement on the part of VanNess, it is impossible to conceive how the fact that VanNess did recover damages from the railroad company can have anything to do with this case.

For the reasons given, the judgment below is reversed.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.