WALTER JAMES, *Appellant*, v. E. M. GOLLNICK and ANNA
E. GOLLNICK, his wife, *Appellees*.

Division B.

Opinion filed October 11, 1930.

*Vocelle & Mitchell,* for Appellant;

*C. P. Diamond,* for Appellees.

BUFORD, J.—In this case the appellant exhibited his bill of complaint in the Circuit Court of Indian River County to rescind a contract for the purchase of certain lands and to require the return to him of $1,000.00, with interest thereon, ·made as a cash payment on the lands.· The de-fendants, appellees here, after demurrer had been over-ruled and such action by the circuit court affirmed by this Court, (115 So. R. 529), filed their answer in which they prayed affirmative relief of having the contract for the purchase and sale of the lands declared forfeited and can-celed and the $1,000. paid declared forfeited to them.

Testimony was taken and thereafter the court entered its decree, the findings· of which are stated in the fol-lowing language:

"The above and foregoing cause coming on this day for final hearing upon amended bill of complaint, answer to amended bill of complaint, testimony and proofs taken and reported to the court by the special master in the cause, and the other papers and proceed-ings in the cause, and thereupon both complainant and defendants by their respective counsel waived all their

respective objections to testimony and proofs taken and filed before the special master, and the court having heard the argument of counsel for the respective parties, and having duly considered the cause and being fully advised of its opinion in the premises, finds in and by his amended bill of complaint and that the equities of the cause are with the defendants;

"And the court further finds that the defendant complied with the terms and conditions of the contract sued on and set forth in the amended bill of complaint, between the complainant and the defendants, dated October 26, 1925, in such manner that the defendants were entitled to performance by the complainant of the terms and conditions of said contract agreed to be performed and complied with by complainant; and the court further finds that the complainant by reason of his default, and by reason of his failure and refusal to perform and comply with the terms and conditions of said contract agreed to be complied with and performed by complainant, that the complainant has forfeited said contract and all his rights thereunder and that said contract is null and void, and that the said contract and the record thereof in the public records of Indian River County, Florida, is and constitutes a cloud on the title of the defendants to the property mentioned in said contract, and that the defendants are entitled under their prayer for affirmative relief to a cancellation of said contract."

The controlling question in the case was whether or not the defendants in the court below had complied with the obligation of their contract, which obligation was in the following language:

"The seller is to furnish an abstract showing his title to be good and merchantable, but in the event that the title shall not be found good and merchantable the seller agrees to use reasonable diligence to make the said title good and merchantable, and shall have a reasonable time so to do, and if after reasonable diligence on his part said title shall not be made good and merchantable within a reasonable time, the seller may, at his option, return the money this day paid and all moneys that may have been paid to him under this contract, and thereupon he shall be released from all obligations hereunder."

The first two objections interposed to the abstract are that two certain deeds constituting a part of a chain of title did not appear to be under the seal of the grantor. Another objection to the first deed was that the acknowledgment was defective in that the abstract does not indicate that the notary public taking the same affixed his seal. The further objection to the second deed was that it does not appear that there were any witnesses to the same.

The abstract, with reference to the first deed objected to, shows the following:

"Signed: Samuel Maddox, surviving trustee, also by Frederick Amory, President, Florida Coast Line Canal & Transportation Company. Four witnesses acknowledged before Notary Public, District of Columbia, with seal, and Suffolk County, New York, with seal.
"(Corporate Seal.)"

The abstract, with reference to the second deed, shows the following:

"Signed: Samuel Maddox, Surviving Trustee, approved. Florida Coast Line Canal and Transportation Company, by President. Attested. Acknowledged before Notary Public, District Co. Seal.

"In presence of two witnesses."

It will be observed that the abstract does not clearly show the defects complained of as to either deed.

The first deed complained of was filed for record and recorded in Book 6, page 177 of the Deed Records of St. Lucie County on the 9th day of February, 1909. The second deed complained of was filed for record and recorded in Book 10, page 298 of the Public Records of St. Lucie County on February 22, 1911. That part of St. Lucie County in which the lands were located on the date of the deeds above mentioned afterwards became a part of Indian River County.

If the defects complained of were shown by the abstract the same had been validated and cured by Chapter 10169, Acts of 1925, Sec. 5695, Comp. Gen. Laws 1927, and, therefore, there was no merit in the objection. Pinckney v. Morton, 30 Fed. R. (2nd) 885.

The next objection insisted upon is that another conveyance in the chain of title is defective in that it showed only one witness. The abstract does not support this alleged defect.

The next defect relied upon is that the abstract showed a reservation in a grantor in the chain of title in a conveyance to the grantee in the chain of title of right of way for public road and drainage canals and ditches and that a later conveyance showed the conveyance of an easement over the West Ten Feet of the property in question for the purpose of constructing and maintaining a ditch for drainage purposes. The evidence shows that the complainant in the court below was familiar with the property and that the easements complained of were in actual use and the

ditches complained of existed at the time he agreed to purchase the land.

This being true, he must be held to have waived the existence of such easements, the property involved being rural, not urban. (See Meacham v. Burgis, 1 Fed. R. (2nd) 47).

In VanNess v. Royal Phosphate Co., 60 Fla. 284, 53 So. R. 381, 30 L. R. A. (N. S.) 833, this Court say:

"The legal existence of a railroad right of way, and of the roadbed and track upon real estate at the time it is conveyed by a deed in which the grantors bind "themselves and their heirs, executors and administrators to warrant and forever defend the title to said premises, unto the said party of the second part, its heirs, successors and assigns against the said parties of the first part and their heirs, executors and administrators, and against all persons whomsoever lawfully or equitably claiming or to claim the same," does not give the grantee in the deed a right of action for damages against the grantor, because of the existence of the said right of way, roadbed and track."

The other attack is based on the fact that the State and County taxes for the year 1925 had not been paid. The evidence shows that they were paid prior to the institution of the suit and thereby the complainant removed that objection, if valid objection it was.

This was an alleged defect, however, which the purchaser himself could have removed by application of a part of the purchase money.

In Wheeler v. Sullivan, 90 Fla. 711, 106 So. R. 876, this Court say:

"It is well settled that in the absence of a provision to the contrary in the contract of sale, a purchaser

under executory contract can not be compelled to complete his purchase or accept the title if there is an incumbrance on the property which the vendor can not or will not remove and which the purchaser can not himself remove by an application of the purchase money. Frazier v. Boggs, 37 Fla. 207, 20 So. R. 245; Shouse v. Doane, 39 Fla. 95, 21 So. R. 807; Maupin on Marketable Title to Real Estate (2nd. Ed.) page 705, 775 and cases cited. Note 38 L. R. A. (N. S.) 30 et seq.; 39 Cyc. 1484.''

The findings of the chancellor, therefore, have support in the record and the law applicable thereto and should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.