NORMANDY BEACH PROPERTIES CORPORATION, *Appellant*, vs. JOSEPH H. ADAMS, *Appellee*.

145 So. 870.

Division B.

Opinion filed January 5, 1933.

584

*Henry K. Gibson,* for Appellant;

*Walsh, Beckham & Ellis,* for Appellee.

TERRELL, J.—In February, 1930, Normandy Beach Properties Corporation executed an option contract to sell Joseph H. Adams twenty-eight acres of submerged lands in Biscayne Bay, Dade County for $90,000.; ten thousand dollars of which was deposited in the First National Bank of Miami as earnest money. The balance of the consideration was to be paid in two equal installments in June and September, 1930. Adams was given to June 10th, 1930, to exercise his option under the contract and the vendor covenanted to deliver him its warranty deed of conveyance properly executed with riparian rights as aforesaid, and shall tender policy of title insurance insuring said title as being "good and marketable and clear of all encumbrances." If vendor failed to convey title of this character on or

before June 10th, 1930, the vendee had the right to withdraw the $10,000 earnest money.

Examination of the status of the title disclosed that at the time the option contract was executed the vendor was not in possession of a good and marketable title but that on May 8th, 1930, the Trustees of the Internal Improvement Fund executed their quit claim deed to the vendor describing the lands involved in this suit with others. The quit claim deed from the Trustees of the Internal Improvement Fund was for the purpose of perfecting the vendor's title but in compliance with law, it reserved a certain portion of the mineral rights on said lands with the right to mine and develop the same. Other reservations such as the rights of the Federal Government for purposes of commerce and navigation and the requirements as to filling in and bulkheading sovereignty lands also attached to the lands in question. The vendee objected to these reservations but before any of them were determined the First National Bank of Miami turned the $10,000 earnest money held by it over to the vendor.

The instant suit was brought for the purpose of cancelling the option contract and recovering the $10,000 earnest money paid by the bank to the vendor. It further prays that a trust be impressed on the lands described in the contract to insure the return of the $10,000. The bill is predicated on fraud, mistake, misrepresentation, breach of contract, and impossibility of performance. This appeal is from an order overruling a general demurrer to and motion to strike portions of the bill.

The fraud, mistake, and misrepresentation charged are based on the primary fact that the vendor after the execution of the option contract, secured a quit claim deed from the Trustees of the Internal Improvement Fund to perfect his title. Granting that these charges are well pleaded, they are without effect here as the rule is well settled in

this state that when a vendor contracts to convey good title, at a future date, it is not essential that he have such title at the time he executes the contract. Sanford vs. Cloud 17 Fla. 532; Burke vs. Wallace 98 Fla. 604, 124 So. 30; Peterson vs. Howell, 99 Fla. 179, 126 So. 362.

The vital question on which this case turns is whether or not the statutory reservations in favor of the Trustees of the Internal Improvement Fund and the reservation in favor of the United States as to commerce and navigation are incumbrances authorizing the rescission of the optional contract.

The vendor may, as was done here, covenant against encumbrances but such covenants have reference to those encumbrances which can be lifted by the vendor or by the vendee on application of the purchase money. An option contract to sell with covenant against encumbrances may be rescinded by the vendee in case the vendor cannot or will not lift the incumbrances or the vendee cannot do so by application of the purchase money. Atlantic Mortgage and Finance Co. vs. Hamilton, 40 Fed. (2nd Series) 583.

This rule does not apply to reasonable restrictions imposed by public authority on the use of property, such as statutory reservations in favor of the state or the federal government or their duly authorized agencies, nor does it apply to rights of way or easements of a public nature when the vendee at the time of purchase has notice of their existence. County Commissioners of Columbia County vs. King, 13 Fla. 451; State ex rel. Ellis vs. Tampa Water Works Co., 56 Fla. 858, 47 So. 358; McCaskill vs. Union Naval Stores Co. 59 Fla. 571, 52 So. 961; Richardson-Kellett Co. vs. Kline, 70 Fla. 23, 69 So. 203; Leusman vs. Kyle, 97 Fla. 465, 121 So. 464; James vs. Gollnick, 100 Fla. 829, 130 So. 450; Wheeler vs. Sullivan, 90 Fla. 711, 106 So. 876; Board of Education for Jefferson County vs. Littrell, 173 Ky. 78, 190 S. W. 465; Van Ness vs. Royal Phosphate

Co., 60 Fla. 284, 53 So. 381, 30 L. R. A. (N. S.) 853; Ann. Cases. 1912 c. 647.

The reservations in favor of the Trustees of the Internal Improvement Fund and those in favor of the United States in aid of commerce and navigation were not such as could be lifted by the vendor or by the vendee on application of the purchase money but they were provisions of law applicable to the subject matter of the contract and were a part of the contract whether expressed or referred to in it or not. The vendee was charged with knowledge of them and is conclusively presumed to have contracted with reference to them.

The record discloses the existence of other encumbrances within the rule as here enumerated that can be lifted by the vendor or by the vendee on application of the purchase money, but the allegations of the bill are not such as to make them material. The only encumbrances seriously complained of are those with reference to mineral rights in favor of the Trustees of the Internal Improvement Fund and those in favor of the federal government but the record as a whole shows that the vendee was cognizant of them when he contracted.

It is also shown that except as to these encumbrances, the New York Title and Guaranty Company is willing to insure the title as per terms of the option contract. In this view of the case the main question recurs on whether or not the reservations complained of constitute encumbrances justifying rescission of the option contract. This question must be answered in the negative. The encumbrances complained of having been imposed by public authority of which the complainant was charged with notice when he contracted.

Other assignments have been examined but they present no material error.

The judgment below is reversed.

WHITFIELD, P.J. AND DAVIS, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.
Filed under Rule 21-A.