NORMANDY BEACH PROPERTIES CORPORATION and LEWIS TWYMAN v. JOSEPH H. ADAMS.

171 So. 796.

Opinion Filed January 13, 1937.

*G. A. Worley* and *Twyman* and *McCarthy,* for Appellants;

*Walsh, Beckham & Ellis,* for Appellee.

TERRELL, J.—A complete statement of the essential facts in this case will be found in Normandy Beach Properties Corporation v. Adams, 107 Fla. 583, 145 So. 870. When the mandate in that case went down the complainant filed a second amended bill of complaint. Both appellants filed motions to dismiss and appellant, Lewis Twyman, filed a motion to transfer the cause to the law side of the docket. All said motions were denied and this appeal is from that decree.

In Normandy Beach Properties Corporation v. Adams, *supra,* we were confronted with the question of whether or

not the statutory reservations in favor of the Trustees of the Internal Improvement and reservations in favor of the United States for commerce and navigation were encumbrances that would authorize rescission of the optional contract. We answered this question in the negative, provided the vendee had notice of their existence when he purchased. This answer, of course, assumes that he used the means available to inform himself.

The only question with which we are confronted in this appeal is whether or not the second amended bill of complaint states facts, in view of the former opinion of this Court, that would warrant a court of equity in rescinding the optional contract and ordering a return of the purchase money to the vendee.

Appellants contend that the allegations in the second amended bill of complaint are fantastic and imaginary as distinguished from real or legal and constitute no basis for ordering a rescission of the optional contract and a return of the purchase money, whle appellee contends that it contains specific averments of fraud that if proven will entitle him to relief.

The second amended bill of complaint has been examined and found to contain allegations of fraud which were not contained in the original bill of complaint when the case was last before us. We are not at this time impressed with some of these allegations and do not now adjudicate the sufficiency of any of them. The proof may reveal that some of them have merit. At any rate, we hold that as against the ruling of the chancellor it is not conclusively shown that the bill fails to state a cause of action.

For these reasons we also decline at this time to hold our former decision *res judicata* as to the question of fraud alleged in the second amended bill of complaint, from which

it follows that the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BUFORD, and DAVIS, J. J., concur.

BROWN, J., not participating.