George P. Coleman, *et al.*, v. J. C. Johnson; George P. Coleman, *et al.*, v. John Ziegler.

187 So. 263.
Division B.
Case No. 12, 266.
Case No. 12, 387.
Opinion Filed March 7, 1939.

*Homer T. Amis, Willis Sherrill, Wm. C. Sherrill* and *A. R. Johnson,* for Appellants;

*John Ziegler,* for Appellees.

PER CURIAM.—This case is here on appeal from a final decree entered by the Circuit Court of Palm Beach County, Florida. The record shows that George P. Coleman, on October 31, 1935, purchased the North fifty feet of Lots numbered 13 and 14 in Block 25 of the Freshwater Addition to West Palm Beach, Florida, from Prince of Peace Lodge No. 106 Independent Order of Good Samaritans and Royal Palm Lodge No. 46 Independent Order of Good Samaritans and Daughters of Samaria, joint owners thereof, for and in consideration of the sum of $1,000.00. The sum of $500.00 was paid in cash and the balance of the purchase price was evidenced by purchase price notes and mortgage of the total amount of $500.00 payable in the sum of $50.00 each quarter thereafter to the two Lodges, *supra,* jointly, and the mortgage was recorded. The purchaser Coleman received a warranty deed signed by the Two Lodges and grantors warranted the title to the land against lawful claims of all persons whomsoever; and a quit claim deed executed by the old Trustees of one of the Lodges.

The lands were jointly owned by the two Lodges, and on the 12th day of August, 1935, the Lodges executed and delivered a note and mortgage lien thereon on to one J. C. Johnson in the sum of $275.00 and the same was duly recorded in the office of the Clerk of the Circuit Court of Palm Beach County, and the same was of record at the time George P. Coleman acquired title to said property. It was contemplated, as shown by the evidence, that the two Lodges intended to pay and cancel of record the Johnson mortgage, *supra,* in the sum of $275.00 out of the $500.00 first payment received on the purchase price of the property

made by George P. Coleman, but the Lodges, through their Trustees, Secretaries, Treasurers and membership, failed and otherwise omitted to pay and cause to be cancelled of record the Johnson mortgage.

On the 23rd day of June, 1936, Johnson, represented by attorney John Ziegler, instituted foreclosure proceedings and made George P. Coleman and wife parties defendant, as he (Coleman) held title under the warranty deed from the Prince of Peace Lodge No. 106 and Royal Palm Lodge No. 46. Coleman and wife filed an answer to the amended bill of complaint to foreclose the Johnson mortgage, setting up that he had purchased the property for the total sum of $1,000.00 and paid $500.00 of the purchase price and simultaneously therewith executed a purchase price mortgage for the remaining $500.00, and it became the legal duty and obligation of the Royal Palm Lodge and the Prince of Peace Lodge to pay off and discharge the Johnson mortgage as Coleman then held the property under a warranty deed from them. Likewise Coleman and wife filed a cross bill, when an order was entered by the lower court striking the answer and the cross bill, but the amended answer, broadly speaking, set up the above defense, and a subsequent order was entered permitting or allowing a substitution of counsel in behalf of Attorney John Ziegler as counsel for plaintiff Johnson.

On the 9th day of March, 1936, John Ziegler, counsel of record for J. C. Johnson above referred to, acquired an interest by assignment in the purchase price mortgage dated October 31, 1935, from George P. Coleman and wife to Prince of Peace Lodge No. 106 and Royal Palm Lodge No. 46, and, after withdrawing as counsel for plaintiff in the Johnson foreclosure case, instituted foreclosure proceedings in his own name. On May 18, 1936, George P. Coleman and wife filed a joint and several answer to Ziegler's fore-

closure, reciting that they were lawfully indebted on the purchase price mortgage but were at a loss to know to whom to pay the amount due, with interest, and at the same time obtain a lawful cancellation and surrender of their notes and mortgage, and offered to pay the amount due thereunder, with interest, and subsequently did pay into the Registry of the Circuit Court of Palm Beach County the sum of $541.00, the amount which they asserted was due as principal and interest to date of paying the same into the Court.

The issues were made by the pleadings and while other pleadings were filed by the parties in the case, it is not necessary to recite the same except an order of consolidation of the two suits was made and entered and immediately thereafter Hon. W. H. Boozer, a member of the West Palm Beach bar, was appointed by the Court as Special Master, with directions to take testimony and report findings of fact and law with proper dispatch.

The testimony shows that the two Lodges functioned, for the purpose of transacting business, through Trustees duly elected by the membership of each Lodge, and when elected, the Trustees served for a prescribed period of time. It appears that one Lodge re-elected the personnel of their existing Trustees, while the other made some changes or failed to elect the then existing personnel but elected a different group from their membership.

There is no dispute in the evidence that the two Lodges agreed to sell and did sell to George P. Coleman the land, *supra,* and jointly owned, for the consideration of $1,000.00. The sum of $500.00 was to be paid in cash and the remaining $500.00 was to be evidenced by a purchase price note and mortgage. Attorney John Ziegler represented one of the Lodges and possibly drew some of the papers used in closing the trade. The Lodges, on a subsequent date, viz.,

October 31, 1935, executed a warranty deed by the terms of which they fully warranted the title to the lands conveyed to Coleman and agreed to defend the same against the lawful claims of all persons whomsoever. See Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381, 30 L. R. A. (N. S.) 833, Ann. Cas. 1912C 647.

In the case of Brogan v. Ferguson, 101 Fla. 1306, 131 So. 171, this Court said:

"Language in a deed is presumed to be chosen by the grantor and it is within his power to make the deed so plain and intelligible in its language as to show an assumption or general promise to pay, if such was his intention and was agreed upon between the parties; and in case of doubt, it will be presumed the deed did not intend a present presumption of, and agreement to pay, the mortgage on the part of the grantee. Jones on Mortgages (8th Ed.) Section 934."

It was not shown by the evidence that Coleman assumed the payment of the Johnson mortgage or that the amount thereof was deducted from the agreed purchase price.

Coleman met with the Trustees of the two Lodges and several other members thereof not Trustees, inclusive of the mortgagee Johnson, who was a member thereof, for the sole purpose of closing the trade, viz.: The payment on the part of Coleman of the sum of $500.00 and delivery of a purchase price mortgage and notes in the sum of $500.00 and he delivered the same and the evidence shows that he received therefor a warranty deed executed jointly by the two Lodges conveying to him a fee simple title with covenants of warranty. The $500.00 was counted by the members or in their presence and then divided between the Trustees or officers of the two Lodges, i. e. $250.00 to the Trustees or Secretary of the Royal Palm Lodge No. 46 and $250.00 to the Trustees or Secretary of Prince of Peace

Lodge No. 106. While it cannot be disputed that the purchaser Coleman was charged, as a matter of law, with the knowledge of the existence of the Johnson mortgage when he accepted the warranty deed to the designated property, it was reasonable to assume that this incumbrance would be paid out of the first payment of $500.00 paid by him, or that the amount could be deducted from the purchase price mortgage. See Normandy Beach Properties Corp. v. Adams, 107 Fla. 583, 145 So. 870; Coy, Adm'x. v. Downie, 14 Fla. 544.

We cannot subscribe to the contention that it was the legal duty of Coleman to pay the Johnson mortgage out of the $500.00 going to the two Lodges as the first purchase price payment on the property. He had the right to rely or depend on the convenants of the warranty deed received and the legal duty was on the two Lodges to see that the property was clear of incumbrances. The evidence shows that the trustees of the two Lodges, and members' thereof, attended the closing of the trade, and the fact that the trustees and members of the two lodges fell out or disputed among themselves as to a division of the $500.00 paid the lodges by Coleman is no concern of his, and especially is this true when the evidence shows that the deed had been delivered to him and he had paid the money and delivered his purchase price mortgage.

Coleman paid the amount of the purchase price mortgage, with interest, into the Court and while the two lodges were not by him made parties defendant, he was entitled to a decree applying the money paid into Court by him due on the purchase price mortgage on the Johnson mortgage and have both mortgages cancelled of record by a decree of the Court. Equity regards that as done which ought to be done. Attorney Ziegler had knowledge of the friction between the lodges, and Coleman, prior to the agreement of

sale, and was possibly counsel for some of the parties, he assisted and was counsel in preparing the papers and closing the trade. The mortgage which he seeks to foreclose was assigned to him as security for fees to the extent of $165.00. We cannot see how he can assert the fact that he is an innocent purchaser for value of the notes and mortgage assigned to him in the light of the testimony shown in the record.

The decree appealed from is reversed for further proceedings in the lower court not inconsistent with this opinion. It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in the opinion and judgment.

JUSTICES TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.