ROGERS, Associate Justice.
Appellees filed their bill of complaint alleging that an agreement for deed was executed under which appellants covenanted to convey certain described property to ap-pellees free and clear of all encumbrances upon the payment of $8,500 payable $2,000 down and $100 or more monthly. Appel-lees asserted that the outstanding balance owed under the agreement had been reduced to $2,272.48 and they tendered this amount into the registry of the court. After entering into the agreement for deed and making extensive payments under it, appellees assert that they discovered an encumbrance upon the property in the form of a written easement for the maintenance of electric poles, wires, lines and fixtures. Because of this easement, appellees claim that appellants cannot convey the property to appellees in fee simple, free and clear of all encumbrances. Suit was then instituted in the Circuit Court for the purpose of securing a declaratory decree determining the rights of the parties, restraining any forfeiture of the contract pending final disposition of the cause, requiring the appellants forthwith to convey the property to appellees, and defining the rights of the parties to the money paid into the registry of the court.
There were other allegations in the bill of complaint concerning misrepresentations of the condition of the house on the property by the vendors to the vendees. The lower court granted no relief upon the basis of such allegations, however, and they are not a part of the appeal.
Appellants filed a motion to dismiss the bill of complaint on the grounds of insufficiency to state a claim upon which relief could be granted, laches, res adjudicata by virtue of two previous actions between the parties, and failure to allege that the easement was of record. By answer, appellants also admitted the agreement, denied the existence of any easement or encumbrances, alleged that prior to entering into the agreement there was a guy wire in place upon the property which ap-pellees saw or could have seen, and denied that they made any representations to ap-pellees as to the guy wire or the condition of the premises. The Chancellor denied the motion to dismiss and temporarily enjoined any forfeiture of the agreement.
It appears from the record that in November, 1948, appellees, the prospective *46 vendees, met with appellants, the prospective vendors, upon the property for the purpose of inspecting it. At the time, the vendees saw and objected to a guy wire and a large cement anchor on the property. Both prior to the execution of the agreement, concurrent thereto, and afterwards, the matter of the visibly apparent easement was thoroughly discussed and assurances were given to the vendees by the vendors that the physical existence of the guy wire and anchor were the result of a temporary war condition, and that the vendors would see that they were removed.
After hearing the testimony, the Chancellor found the equities with the appellees and entered a final decree directing appellant's to execute and deliver to appellees within 30 days a warranty deed to the involved property, and further, to arrange at their expense for the removal from the property of light poles, guy wires, anchors and power lines now thereon. The monies deposited in the registry of the court were ordered retained as a guarantee of the performance by appellants of the directions in the final decree. From said decree, appellants brought this appeal.
The only question raised by appellants upon which it seems necessary to comment is their assertion that appellees had actual knowledge of the existence of the easement, and thus cannot now be heard to complain that such visible and notorious use of the property at the time the agreement for deed was executed is a breach of the covenant against encumbrances. In support of their position, appellants rely heavily upon the rule enunciated in Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381, 30 L.R.A.,N.S., 833, to the effect that parties are presumed to have contracted with reference to the state of property as it visibly existed at the time of the contract. This rebuttable presumption is based upon the premise that the vendees must be presumed to have taken into account any visible easements when agreeing on the price, or to have regarded the easements as beneficial to the property. This presumption is overcome in the instant case by the objections of the vendees to the visible easement prior to making the agreement for deed, the positive representation at that time of the vendors that the guy wire and anchor were only temporary, and that the vendors would see that they were removed.
The true consequence of the physical presence of the encumbrance on the property at the time of the making of the agreement for deed in this case was to put the vendees on inquiry. They did make inquiry and were assured by the vendors that the visible use of the property was a temporary condition which would be corrected so as to. make the property free from the present use and thus without encumbrances. In such a case, it cannot be presumed that the vendees .contracted with reference to the visible easement in fixing the purchase price, or that they considered the easement beneficial to the property. We hold that the doctrine announced in Van Ness v. Royal Phosphate Co., supra, does not apply in a case such as the instant case where the vendees objected to the visible easement prior to contracting for the purchase of the property, and at that time were assured by the vendors that the visible easement would be removed, and thereafter a contract was made for a valuable consideration requiring the ultimate delivery of a warranty deed clear of all encumbrances whatever. We conclude that a claim sufficient in equity was stated.
We have carefully studied the record and the briefs in view of the other questions raised by appellants, but we find no error.
The final decree is accordingly affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.