McCORD, Judge.
This is an appeal from summary judgment for appellees (defendants below) in a suit brought by appellants (plaintiffs below) on a contract for sale of land.
Appellants and appellees entered into a contract for the purchase by appellants and sale by appellees of certain real property located in Volusia County. As a portion of the consideration of the purchase price, appellants agreed to convey title to a parcel of real property also located in Volusia County and owned by one of the appellants. The contract contained the following requirement with regard thereto :
“The Buyers will have the abstract brought up to date on said property showing a good and marketable title in Robert Nelson . . . ”
The contract provided for an examination period of 20 days and required written notice specifying any defects. Abstracts were furnished and within the time allowed appellees’ attorney wrote appellants’ attorney objecting to the title in that it was based on a Murphy deed which contained the usual highway reservation right-of-way of such deeds and he stated that provision would have to be made to eliminate this reservation. The reservation contained in the deed is as follows:
“RESERVING unto the State of Florida easement for State Road Right of Way *537 Two Hundred (200) feet wide, lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any parcel herein described as is within One Hundred (100) feet of said center line.”
The deed is dated June 2, 1943.
In response to appellees’ attorney’s objection, the attorney for appellants replied that the property was not abutting on a state road on the date of the Murphy deed. These letters of counsel were not in the record but were alluded to in memo-randa filed with the trial court which are a part of the record here.
Appellants first contend there is a genuine issue as to a material fact which precludes the entry of a summary judgment, but this point was not argued at oral argument. The arguments were confined to appellants’ second contention only' — '“an easement, having been imposed by proper governmental authority, the parties were conclusively presumed to have contracted with reference to it and it cannot now be raised as a title defect rendering title unmarketable.”
In support of their motion for summary judgment, appellees filed two affidavits with the trial court. One was their own affidavit in which they cited certain terms of the contract and the reservation contained in the Murphy deed, along with a statement that the easement has not been released of record and none of the plaintiffs (appellants) have offered to obtain a release of the easement. The second affidavit is that of an attorney who recited that he had been a practicing attorney in Volusia County for approximately 12 years; had examined numerous abstracts of title to real property in Volusia County for 12 years and was presently the attorney for a Federal Savings and Loan Association ; that he is familiar with the subject reservation generally contained in Murphy deeds, and in his opinion the reservation renders title to real property unmarketable and would constitute an exception to good and fee simple title and would render said title to the real estate unmarketable. Appellants filed no counter affidavits but relied upon the law applicable to this situation.
In support of their position appellants cite the following authorities: Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381 (1910); Richardson-Kellett Co. v. Kline, 70 Fla. 23, 69 So. 203 (1915); Normandy Beach Properties Corporation v. Adams, 107 Fla. 583, 145 So. 870 (1933); and Charles H. Deeb, Inc. v. Kestner et al., Fla., 59 So.2d 514 (1952).
Before considering appellants’ authorities, we point out that there is a distinction between a contract to convey a good and marketable title and a contract requiring a good and marketable title as shown by an abstract. See Adams v. Whittle, 101 Fla. 705, 135 So. 152 (1931). There the Supreme Court said:
“It is our conclusion that if a ‘good and merchantable title’ in any given case must rest to a substantial degree upon parol, or evidence aliunde the record, the burden should be cast upon the vendor to produce and supply such evidence; otherwise an abstract required by a contract may serve only as a convenience and not as an ‘epitome of the title’ going to establish its regularity; in other words, the burden to supply other necessary evidence in completing a chain of title than that evidenced by the record should not be cast upon the purchaser who may, by the very nature of things, be a total stranger to the history of such title.”
‡ % % ‡ * >{«
“The obligation, where the contract does not in effect require the conveyance of a good and marketable title of record, may be discharged by the conveyance of the title resting partly in parol, but free from doubt upon questions of both law and fact.”
As to the authorities cited by appellant, supra, Van Ness was a suit upon a deed *538 warranty. The property conveyed had a railroad right-of-way easement over it, and the easement was in open use. The Supreme Court held that a purchaser of such land must be presumed to have seen an open and visible easement and to have fixed his price with reference to the actual condition of the land at the time of purchase. It held that such an easement is not such an encumbrance as would constitute a breach of the convenant of warranty.
In Richardson-Kellett Co. the appellee had contracted to convey clear title in fee simple to certain lands in the Everglades. Appellee tendered a deed containing the same reservation contained in the original deed of the property from the state which reserves to the state the right to go upon the land at any and all times for the purpose of constructing a system of drainage canals thereon, if necessary. By the suit appellee sought to have the court require appellant to convey the land without such reservation. The trial court granted the relief sought and the Supreme Court reversed, holding as follows:
“Ordinarily the reservation of such a right over the land conveyed as the one reserved here to the hoard of trustees of the internal improvement fund of the state of Florida, would he an incum-brance upon the title, but under the circumstances surrounding the land in question, its situs, character, and the title thereto, we do not think that it is such an incumbrance of which the appellee has any right to complain. The land in question is a part of what is known as the ‘Everglades’ in the extreme southern end of the peninsula of Florida, a vast territory of several millions of acres that is, in major part at least, if not wholly unfit, because of its swamp or overflowed condition, for either habitation or cultivation, unless it be reclaimed by thorough drainage. They form part of that vast territory granted to the state of Florida by the Congress of the United States known as swamp and overflowed lands for the purpose of being reclaimed by drainage. They in turn were vested in trust for the same purpose, by state legislation in the said board of trustees of the internal improvement fund of the state. In execution of its trust this state board of trustees are now, and were at the time of the conveyance of the land in question to the grantors of the appel-lee, engaged in the vast and costly work of draining the said Everglades . ” (Emphasis supplied)
* * * * * *
“All of these facts were, or should have been, well known to the appellee when he contracted with the appellant for the purchase of the tract in question. The proposed reservation in the deed . simply perpetuates in the board of trustees of the internal improvement fund the same reservation contained in their deed to the appellant, viz., the bare right to go upon the land for the sole purpose of carrying out the scheme of draining and improving the drainage district in which this land lies; the drainage district having been theretofore specifically identified and named by a public act of the Legislature. See chapter 5709, Laws 1907.”
Normandy Beach Properties Corporation was a suit by the vendee to recover earnest money which he had deposited on an option contract. The seller executed an option contract to sell the buyer certain submerged lands in Biscayne Bay, Dade County. Under the contract, the buyer thereafter had an option to purchase the submerged lands and the sellers convenanted to deliver him a warranty deed and a policy of title insurance insuring the title as being good and marketable and clear of all encumbrances. If the seller failed to convey title of such character within the time allotted, the purchaser had the right to withdraw the earnest money. The title was based upon a deed from the trustees of the Internal Improvement Fund which reserved a certain portion of the mineral rights on the lands and reserved certain *539 rights in the federal government for purposes of commerce and navigation. The vendee objected to the reservations. The Supreme Court pointed out that an option contract to sell with convenant against encumbrances may be rescinded by the vendee in case - the vendor cannot or will not lift the encumbrances or the vendee cannot do so by application of the purchase money. But the court further held as follows:
“This rule does not apply to reasonable restrictions imposed by public authority on the use of property, such as statutory reservations in favor of the state or the federal government or their duly authorized agencies, nor does it apply to rights of way or easements of a public nature when the vendee at the time of purchase has notice of their existence.” (Emphasis supplied)
$ ‡ ‡ ‡ ‡
“The only encumbrances seriously complained of are those with reference to mineral rights in favor of the Trustees of the Internal Improvement Fund and those in favor of the federal government. But the record as a whole shows that the vendee was cognizant of them when he contracted.” (Emphasis supplied)
In Charles H. Deeb, Inc., appellant, the purchaser of two adjoining lots in a subdivision, brought suit for a declaratory decree alleging breach of statutory warranties. The alleged breach was the presence of a public highway and appurtenant drainage ditch on the south 15 feet of the lots. Although the encroachment on the lots was not shown on the plat, the highway encroachment was present at the time appellant purchased the lots. The trial court cited Van Ness and stated that in Van Ness the court placed upon the purchaser the duty of ascertaining the location of the land he was buying and of inspecting such land and observing those things which would be apparent from such inspection. The trial court said that if such be true as to acreage or farmland, it is equally true as to highly developed city property and held that the presence of the public highway and appurtenant drainage ditch did not constitute a breach of the covenants of warranty. The Supreme Court held the final decree and opinion of the circuit judge was without error.
In the case sub judice we do not have a purchaser who has brought suit contending he did not get or is not getting what he bargained for, but we have a purchaser who has declined to go through with the sale because the seller has not furnished him with an abstract showing marketable title. The authorities cited by appellants fall either into the category of cases in which the restrictions or encroachments were (1) plainly visible on the land at the time of the contract or sale or were (2) placed there by public authority and are so well known in relation to the land in question that the purchaser is charged with knowledge of them or were (3) restrictions or encroachments of which the purchaser had previous actual knowledge. The case sub judice does not fall, in any of these categories. Appellants have not contended that appellees had actual knowledge of the reservation at the time the contract was entered into or that appellee had actual knowledge that the title to this property was based on a Murphy deed. The issuance of Murphy deeds was not confined to lands in a particular section in Florida, such as the Everglades or Biscayne Bay, but lands which were conveyed by such deeds are located all at random over the state. Unless a purchaser had actual notice that a title was based upon a Murphy deed, he would learn of it for the first time when he received the abstract from the seller. Here, the Murphy deed restriction may or may not be an encumbrance on this property. The abstract does not show whether or not there was a state road encroachment existing on the property on June 22, 1943, (the date of the Murphy deed). Evidence outside of the abstract is required to determine this question. Thus, appellants have failed to comply with the *540 terms of the contract, in that they have not furnished appellees with an abstract showing good and marketable title in Robert Nelson.
As to appellants’ first point, the question involved in this case is one of law, and it does not appear that there is a genuine issue as to material fact.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.