KAPNER, Associate Judge.
This is an appeal from a final judgment of the Circuit Court, Broward County, Florida, in an action for specific performance.
Plaintiff and defendant entered into a contract whereby they agreed to trade certain parcels of real property. By the terms of the contract, plaintiff agreed to furnish title “insurable in the usual form subject to easements and restrictions common to the subdivision.”
Plaintiff’s property was subject to a reservation to the Trustees of the Internal Improvement Fund of certain oil and mineral rights, and defendant claims that such reservation prevents the title from being "insurable in the usual form.”
This case was originally decided by the circuit court by a summary judgment entered in favor of plaintiff. This judgment. was reversed by this court on June 30, 1972, with the court noting at 264 So.2d 85:
“This suit deals with the interpretation to be given a real estate trade agreement and, more specifically, the provision ‘. . . titles to be insurable in the usual form subject to easements and restrictions common to the subdivision . . . ’. Does the fact that there was a reservation of certain mineral and petroleum rights render the title not insurable as contemplated by the agreement? . . ."
On remand, the trial court, after a full hearing, found that plaintiff’s title is “insurable in the usual form” and granted plaintiff specific performance of the trade agreement. Defendant appeals from this judgment. We affirm.
This case involves an interpretation of the terms of the contract and a determination of the intent of the parties when they entered into'that contract. The trial court, resolving this factual dispute in favor of plaintiff, found that the parties intended that' the reservation of oil and mineral rights did not prevent the title from being insured in the usual form as that term was used by the parties. Such a factual determination comes to this court with a presumption of correctness.
Two factors in particular give added support to this presumption. First, the agreement uses the phrase “subject to easements and restrictions common to the subdivision.” Technically, it is true, this particular property is not part of a “subdivision” since it is open acreage; however, if the words are to be given any effect at all, it is not unreasonable to conclude that the parties intended them to apply to the area surrounding the subject property. (The reservation was common to the surrounding area.)
Secondly, these reservations are based upon Florida Statute 270.11, which provides that the Trustees of the Internal Improvement Fund hold, on behalf of the State, a three-fourths oil and mineral reservation in the subject property as well as on most other undeveloped property in the State. As such, the reservations “become a part of the agreement as if they were expressly referred to and incorporated therein.” Saunders v. Cities Service Oil Co., 46 So.2d 597 (Fla.1950). See also Normandy Beach Properties Corp. v. Adams, 107 Fla. 583, 145 So. 870 (1933); Thomas v. Wood, 37 F.2d 856 (5th Circuit, 1930); Mortenson v. Financial Growth, Inc., 23 Utah 2d 54, 456 P.2d 181 (1969).
We have considered appellant’s other points and have found them to be without merit. Accordingly,
We affirm.
*473 WALDEN, C. J., and OWEN, J., concur.