ON PETITION FOR REHEARING
KAPNER, Associate Judge.
On a petition for rehearing appellant has contended that the trial court did not make a finding of fact that “the parties intended that the reservation of oil and mineral rights did not prevent the title from being insured in the usual form as that term mas used by the parties.” * Although it is true that the trial judge did not specifically use this language, it is our feeling that by necessary implication the lower court so found.
When this case was reviewed by this court in 1972, the court specifically stated:
“This suit deals with the interpretation * to be given a real estate trade agreement and, more specifically, the provision ‘. . . titles to be insurable in the usual form subject to easements and restrictions common to the subdivision .’. Does the fact that there was a reservation of certain mineral and petroleum rights render the title not insurable as contemplated by the agreement ? ” *
In our decision we pointed out two factors touching on the issue of the parties’ intent: 1) The use of the term “subject to easements and restrictions common to the subdivision” and 2) the fact that these reservations were a matter of law and, therefore, the parties are “charged with knowledge of them, and . . . conclusively presumed to have contracted with reference to them.” Normandy Beach Properties Corp. v. Adams, 107 Fla. 583, 145 So. 870 (1933).
These factors, plus the testimony of the experts as to the common usage of this term, plus the absence of any evidence of a contrary intent, were sufficient to convince us that the trial court concluded that the parties intended that the reservations of oil and mineral rights did not preclude the title from being insured in the “usual form” as contemplated by the parties. It is thereupon.
Ordered that the petition for rehearing is denied.
WALDEN, C. J., and OWEN, J., concur.

 Emphasis supplied.