JORGENSON, Judge,
dissenting.
I respectfully dissent. Although I agree that under Rogers v. State ex rel. Board of Public Instruction of Alachua County, 156 Fla. 161, 23 So.2d 154 (1945), an exhaustive view of the record is warranted, my view of the record differs from the majority view in that I conclude that the waiver issue was not litigated in the per curiam affirmance of the summary judgment in favor of Wendell Nichols and Company (Nichols) in Tarsches v. Nichols, 397 So.2d 785 (Fla. 3d DCA 1981).
The prior appeal dealt only with the validity of paragraph 7-7 of the partnership *413 agreement between these parties. The trial court’s findings contained in the “Amended Order on Motions for Summary Judgment” clearly address only the conditions under which the partnership agreement was entered into and the validity of paragraph 7-7 per se.[1] There is no finding contained in the order regarding waiver by Nichols of paragraph 7-7.
At the pretrial charge conference Nichols’s counsel objected to the court’s ruling that it would permit testimony, argument and an instruction to the jury on the issue of waiver. However, there is no error demonstrated because (1) Nichols was not surprised and therefore was not prejudiced by the trial court’s ruling and (2) Nichols did not move for a continuance grounded upon prejudicial surprise. See Batista v. Walter & Bernstein, 378 So.2d 1321, 1323 (Fla. 3d DCA 1980); Fla.R.Civ.P. 1.190(b).
This court should, as it has in the past, “apply the doctrine that when conflicting legal inferences, particularly concerning the intent of the parties, may be drawn from an ambiguous legal document, or as to the effect even of undisputed facts, the issue is not properly subject to summary adjudication, and may be resolved only after trial,” Kirsh v. Mannen, 393 So.2d 63, 64 (Fla. 3d DCA 1981) (citations omitted) (emphasis added). Whether Nichols waived its right to compensation for clients taken by Tarsches, as evidenced by Tarsches’s allegations of events which occurred at various meetings between the parties, is a genuine issue of material fact. This fact is “essential to a resolution of the legal questions raised by the case,” Wells v. Wilkerson, 391 So.2d 266, 267 (Fla. 4th DCA 1980), and so precludes resolution of the waiver issue by summary judgment.
To disallow the waiver defense asserted on remand in the trial court by Tarsches and invoke the law of the case doctrine as the majority does is, in my view, an unduly harsh result.[2] See Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla.1953); Acme Specialty Corp. v. City of Miami, 292 So.2d 379 (Fla. 3d DCA 1974); Schooley v. Judd, 149 So.2d 587 (Fla. 2d DCA), cert. denied, 155 So.2d 615 (Fla.1963); see also Normandy Beach Properties Corp. v. Adams, 126 Fla. 844, 171 So. 796 (Fla.1937) (where the second amended complaint in a case on remand from appellate court alleged an issue not contained in the first complaint, the prior appellate decision was not res judicata as to that issue).
I would also grant Tarsches’s demand for attorney’s fees. See Cooper v. Fulton, 158 So.2d 759 (Fla. 3d DCA 1963), cert. discharged, 165 So.2d 161 (Fla.1964).

. The findings were:
(A) The parties Plaintiff and Defendant negotiated and entered into a Partnership Agreement freely and voluntarily.
(B) Paragraph 7-7 of the Partnership Agreement between the parties, to which paragraph the Plaintiffs’ Motion for Partial Summary is addressed, is a lawful provision which is not violative of Florida Statute 542.-12 and which neither restrains the Defendant from exercising his lawful profession, trade or business, nor does it substantially impair the Defendant’s future employment or ability to earn a living.
.Likewise, paragraph 7-7 of the Partnership Agreement does not prevent the Defendant from engaging in the practice of his profession in any geographic area or during any period of time.

. As the majority correctly points out, counsel jointly filed a pretrial stipulation regarding the issues to be tried. The record, however, indicates that when the trial court reversed herself with respect to the waiver issue she did so after a proffer by counsel for Tarsches that the joint stipulation had improvidently been signed in his absence by associate counsel and that he had immediately filed the unilateral supplemental stipulation adding waiver as an issue to be tried upon his return to Miami from an out-of-town trip. An error of this nature should not be visited upon the client. See Sappington v. Town Properties, Inc., 126 So.2d 906 (Fla. 2d DCA 1961); Fla.R.Civ.P. 1.200(c). See also Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971) (failure of counsel to attend pretrial conference ought not to serve as a predicate upon which to punish the litigant).