STURGIS, Judge
(concurring specially).
I am in full accord with that part of the majority opinion holding that the purchase agreement exacts a penalty in the guise of an agreement covering liquidated damages accruing to the sellers in the event of buyers’ default.
It is only in deference to the rule of stare decisis that I concur in the conclusion that the chancellor did not err in denying the buyers’ prayer for rescission of the purchase agreement. The two Florida decisions factually in point and supporting the decree in that particular[1] involve easements that upon casual inspection were clearly recognizable as such and as being then and there utilized for a public rather than a private purpose. A review of the authorities cited by our supreme court in the Deeb and Van Ness cases[1] discloses that the rule found its inception as one of necessity as an incident to the recognition of easements for public road rights of way acquired by prescription during the era prior to the advent of the automobile; this being a striking example of jurisprudence adapting to the varying conditions and needs of society.
I have invited attention to these historical aspects of the rule in order to suggest that in my opinion the decision in this case should not be construed as in any manner limiting the duty of a court of equity to grant rescission of an executory contract of the nature here involved in those instances where the right to such relief is based on inability of the seller to comply with a covenant to convey a title clear of encumbrances in accordance with the conditions of the agreement, and where the easement is of a private rather than public nature. See the note at 30 L.R.A.,N.S., 833.
I am also of the opinion that where, as in this case, the seller acknowledges an inability to comply with his obligations under a sales agreement prepared by him, and in the court of equity is nevertheless asserting a penal forfeiture provision of the agreement against the purchaser, and where the chancellor finds, as in this case, that the plaintiffs “brought their action in good faith and the issues which have been presented are fully and fairly justiciable,” and thereupon denies attorney’s fees to the defendant counterclaimants as provided by the agreement, it is inequitable to visit upon the plaintiffs any court costs. The sellers should be permitted to retain only that part of the monies paid by purchasers as will compensate for the reasonable rental value of the property during its occupancy by purchasers.

. Chas. H. Deeb, Inc. v. Kestner, 59 So.2d 514 (Fla.1952); Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381, 30 L.R.A.,N.S., 833 (1910).